IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTOR ORTIZ,

    Plaintiff,

v.

                                    Case No. 1:22-cv-00894-MLG-KK

BOARD OF COUNTY COMMISSIONERS
"BERNCO,"

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART

This matter is before the Court on Defendant Board of County Commissioners Bernco's Motion to Dismiss filed on November 22, 2022. Doc. 5. Defendant seeks dismissal of Plaintiff's Prisoner Civil Complaint (Doc. 1-1) (Complaint) on the ground that it fails to state a cognizable claim. Having reviewed the relevant law and arguments, the Court will grant the Motion in part but grant leave to amend.

## BACKGROUND

This case stems from Plaintiff's conditions of confinement at the Metropolitan Detention Center (MDC) in Albuquerque, New Mexico. Plaintiff was detained at MDC when he filed the Complaint and is proceeding *pro se*. *See* Doc. 1-1 at 1. The Complaint alleges cyberhackers attacked Bernalillo County's databases in 2022, including MDC's electronic security system. *Id.* The cyber-attack allegedly disabled MDC's automatic door mechanisms and security cameras. *Id.* It also allegedly "compromised vital data that is necessary for [the] state's prosecutors to ethically pursue convictions[.]" *Id.* Later that year, MCD Chief Greg Richardson declared a state of emergency due to understaffing. *Id.* MDC has a 51.09% vacancy rate among correctional officers,

and the medical division is also allegedly understaffed. *Id.* Plaintiff alleges Richardson created a toxic environment at MDC, which caused many staff members to quit, and that Richardson failed to oversee safety operations at MDC. *Id.* at 2.

In September of 2022, Plaintiff was locked down for various four- and five-day periods. *See id.* Plaintiff spent, at most, half an hour of each day outside of his cell. *Id.* This is contrary to the standards established by the American Corrections Association (ACA). *Id.* at 1. According to Plaintiff, the ACA states lockdowns should not exceed 72 hours and that inmates should be permitted to leave their cell for at least one hour per day. *Id.* The State Public Defender also allegedly instructed defense attorneys to stop visiting clients at MDC due to the understaffing. *Id.* Plaintiff submitted a grievance on the issues, and the security team responded that they were trying to address the problems and minimize lockdowns. *Id.* at 2. Plaintiff alleges Defendant ultimately failed to "fulfill[] the security function" at MDC and "at all times . . . was acting under color of state law." *Id.* at 1.

Based on these facts, the Complaint raises claims for cruel and unusual punishment under the U.S. Constitution and for violation of the Universal Declaration of Human Rights (UDHR). *See id.* at 2. The Complaint also appears to raise claims relating to Plaintiff's state criminal prosecution. Plaintiff alleges the MDC security breach caused due process violations, ineffective assistance by counsel, gross miscarriage of justice, and the violation of his right to a fair trial. *Id.* at 1. Plaintiff names one Defendant (the Board of County Commissioners for Bernalillo County) and seeks $1500 for each day he spent at MDC. *Id.* at 1-2. Plaintiff originally filed the Complaint in New Mexico's Second Judicial District Court. *Id.* Defendant removed the case based on federal-question jurisdiction and filed an answer along with the instant Motion under Fed. R. Civ. P. 12(b)(6). *See* Docs. 4, 5. Plaintiff filed a response to the Motion, and Defendant filed a reply. *See*

Docs. 6, 7.

## STANDARD OF REVIEW

Where, as here, a defendant files a motion to dismiss after submitting an answer, the matter must be construed as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *See Borde v. Bd. of Cty. Comm'rs of Luna Cty., N.M.*, 514 Fed. App'x 795, 799 n.5 (10th Cir. 2013) ("If the defendant makes the motion after filing the answer, the motion should generally be treated as a motion for judgment on the pleadings.") (citation omitted). Such construction has no practical consequences, as the Rule 12(b)(6) standard applies to all motions under Rule 12(c). *See Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint[.]" *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Smith v. United States*, 561 F.3d 1090, 1097-98 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and

plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, . . . confusion of various legal theories, . . . or [] unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

## DISCUSSION

Plaintiff raises claims under the federal constitution, which are analyzed under 42 U.S.C. § 1983. Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 2006). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

In this case, the Complaint does not name any individual who was personally involved in the alleged wrongdoing. As noted above, the only named Defendant is the Board of County Commissioners for Bernalillo County. Local governmental entities may not be held liable under § 1983 for the actions of its employees based on the doctrine of *respondeat superior*. *See Cannon v. City and Cnty. of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc.*

4

*Servs. of N.Y.*, 436 U.S. 658, 694 (1978). To establish liability of local-government entities under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996).

The Complaint only mentions Defendant once. Plaintiff alleges Defendant is "the governmental entity . . . whose administrative department []MCD fulfills the security function as custodian of inmates for the State of New Mexico and at all times . . . was acting under color of state law." Doc. 1-1 at 1. These facts do not show Plaintiff's conditions of confinement are attributable to a municipal policy or custom promulgated by Defendant.

Plaintiff's response to the Motion adds more facts, alleging "respondeat superior liability under 42 U.S.C. § 1983 applies being that Chief Greg Richardson is the sole bad actor failing to operate the entire facility . . . and is proxy for the Board of County Commissioners [of] Bernco." Doc. 6 at 3. Plaintiff cannot amplify his factual allegations through the response to a motion to dismiss. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (explaining that the nature of a motion to dismiss is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true"); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citations omitted).

Even if the Court considered the extra facts, they would not change the result. For purposes of *Monell,* the relevant policy or custom must consist of:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these

5

policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (quotations omitted). Whatever type of policy or custom is alleged, the "plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.* Here, alleging Richardson is a proxy for Defendant lacks sufficient factual detail to show Defendant engaged in deliberate conduct that was the moving force behind the lockdowns. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1189 (10th Cir. 2003).[1] For these reasons, the Complaint fails to state a cognizable claim under 42 U.S.C. § 1983.

The Complaint also fails to state a claim under the UDHR, as federal courts do not recognize a cause of action based on the United Nations' Universal Declaration of Human Rights. *See Chen v. Ashcroft,* 85 Fed. App'x 700, 705 (10th Cir. 2004) (noting the UDHR "is merely a resolution of the United Nations" and is not "binding on the United States or on this court"). To the extent the Complaint raises defects in Plaintiff's state criminal prosecution (ineffective assistance, miscarriage of justice, et cetera), such claims can only be raised in Federal Court through a properly exhausted 28 U.S.C. § 2254 habeas proceeding. *See Naves v. Bigelow*, 565 Fed. App'x 678, 679 n.1 (10th Cir. 2014) (clarifying that Section 2254 is the "proper vehicle for a

---

[1] Defendant also points out that Richardson retired in June of 2022 and therefore could not have mandated the challenged lockdowns in September of 2022. *See* Doc. 7 at 2 (citing a news article announcing the retirement). However, such facts cannot be established for purposes of a Rule 12(b)(6) review.

challenge to the validity of a [state] conviction or sentence" in Federal Court); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' . . . He must seek federal habeas corpus relief (or appropriate state relief) instead.") (quotations omitted). Such issues can also be brought to the attention of Plaintiff's state criminal defense attorney, which may yield relief more quickly.

The Court will grant the Motion, in part, and dismiss the Complaint. However, leave to amend will be granted, as *pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff may file an amended complaint by close of business on October 19, 2023. If Plaintiff fails to timely comply or files another complaint that fails to state a cognizable § 1983 claim, the Court may dismiss the claims with prejudice and without further notice.

Accordingly, the Court hereby grants Defendant's Motion (Doc. 5) in part as set forth above and dismisses Plaintiff's Complaint (Doc. 1-1) without prejudice. It is further ordered that Plaintiff may file an amended complaint by close of business on October 19, 2023.

```
                                    MATTHEW L. GARCIA
                                    UNITED STATES DISTRICT JUDGE
```