IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTOR ORTIZ,

    Plaintiff,

v.                                                          Case No. 1:22-cv-00894-MLG-KK

BOARD OF COUNTY COMMISSIONERS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Victor Ortiz's failure to file an amended complaint as directed. Plaintiff is incarcerated and proceeding *pro se.* The original Complaint, Doc. 1-1, challenges Plaintiff's conditions of confinement at the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico. According to Plaintiff, MDC experienced a cyberattack, which disabled the automatic door mechanisms and security cameras. *See* Doc. 1-1 at 1. MDC also experienced severe understaffing. *Id.* The original Complaint alleges Plaintiff was locked down for various four and five-day periods during September of 2022. *Id.* at 2. Defense attorneys also allegedly stopped visiting clients due to these issues. *Id.* at 1. The original Complaint raises claims for cruel and unusual punishment under the U.S. Constitution and for violation of the Universal Declaration of Human Rights ("UDHR"). *Id.* at 2. It also appears to raise arguments regarding Plaintiff's state criminal prosecution. *Id.* The original Complaint names one Defendant—the Board of County Commissioners for Bernalillo County (the "Board")—and seeks $1,500 for each day Plaintiff spent at MDC. *Id.* at 1-2. The Board moved to dismiss the original Complaint under Fed. R. Civ. P. 12(b)(6). *See* Doc. 5.

By a ruling entered September 19, 2023, the Court determined the original Complaint fails to state a cognizable claim against the Board. *See* Doc. 11 ("Screening Ruling"); *see also* 28 U.S.C. § 1915A (requiring sua sponte screening of prisoner complaints against governmental entities). As to the 42 U.S.C. § 1983 claims, the original Complaint fails to show Plaintiff's conditions of confinement are attributable to a municipal policy or custom promulgated by the Board. There is also no indication that the Board took any action with "the requisite degree of culpability" to establish municipal liability. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997). As to the UDHR claims, the Screening Ruling explained that federal courts do not recognize a cause of action based on that document, which is promulgated by the United Nations. *See Chen v. Ashcroft,* 85 F. App'x 700, 705 (10th Cir. 2004) (noting the UDHR "is merely a resolution of the United Nations" and is not "binding on the United States or on this court"). To the extent the original Complaint raises defects in Plaintiff's state criminal prosecution, the Screening Ruling advised that such claims can only be raised in federal court through a 28 U.S.C. § 2254 habeas proceeding. *See Naves v. Bigelow*, 565 F. App'x 678, 679 n.1 (10th Cir. 2014) (clarifying that Section 2254 is the "proper vehicle for a challenge to the validity of a [state] conviction or sentence" in federal court); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead.") (internal quotation marks omitted).

Based on these pleading defects, the Court granted the Board's motion to dismiss, in part, and dismissed the claims in the original Complaint without prejudice. Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), Plaintiff was invited to amend his claims within

thirty (30) days of entry of the Screening Ruling. Plaintiff was warned that if he fails to timely file an amended complaint or files another complaint that fails to state a cognizable claim, the Court may dismiss the claims with prejudice.

The deadline to amend was October 19, 2023. Plaintiff did not comply, show cause for such failure, or otherwise respond to the Screening Ruling. The Court will therefore dismiss this case, including all civil claims in Plaintiff's original Complaint (Doc. 1-1), with prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915A and Rule 12(b)(6). *See Novotny v. OSL Retail Servs. Corp.*, No. 22-8062, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming district court decision which rejected a "claim but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal with prejudice"). This ruling has no impact on Plaintiff's ability to file a separate habeas petition.

It is ordered that all civil claims in Plaintiff's Prisoner Complaint, Doc. 1-1, are dismissed with prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915A and Rule 12(b)(6). The Court will enter a judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA